IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY GISSENDANNER** : | |
|          Petitioner, : | |
| : | |
| v. : | **CIVIL ACTION NO. 13-3367** |
| : | |
| : | |
| **JUDGE M. NEIFIELD**, *et al.*, : | |
|          Respondents. : | |

# ORDER

**AND NOW,** this 10th day of February 2017, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Carol Sandra Moore Wells, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation [Doc. No. 28] is **APPROVED** and **ADOPTED**[1];

---

[1] In 2009, while on probation following a conviction for felony rape, Petitioner was arrested on rape charges, detained, and mentally evaluated. Those charges were eventually withdrawn. In 2010, while still on probation, Petitioner was arrested "after he hugged and attempted to kiss a 10-year-old boy, then threatened that boy and two others." R&R at 2. Based on various mental health evaluations determining his condition was unstable, Petitioner was committed. Petitioner spent about eighteen months in the mental health wing of the county prison before a bed became available at the Norristown State Hospital, where he remained committed until May 2016, when he was deemed competent to stand trial. In July 2016, Petitioner was tried and acquitted on the two charges against him. R&R at 3. On June 13, 2013, while at Norristown, Petitioner filed the instant petition for writ of habeas corpus, claiming that (1) he has always been fully competent; (2) he was being wrongly held at Norristown without the benefit of mental health proceedings; and (3) his due process rights were violated because no preliminary hearing or trial had been held.

Though Petitioner's claims are cognizable on habeas review, it is "a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy." *Luna v. Erie Cty. Court of Common Pleas*, No. CV 15-250, 2016 WL 2586630, at *3 (W.D. Pa. Apr. 7, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Where the relief sought in a habeas petition is no longer available based on petitioner's having been tried and acquitted, there is no longer a case or controversy for the district court to consider and the petition must be dismissed as moot. *See id.* (citing *Spencer*, 523 U.S. at 18). Here, as explained in the R&R, since Petitioner's acquittal he has been transferred to a mental health facility for continuing treatment while he awaits proceedings on an unrelated probation violation. Accordingly, he is no longer in custody for the crimes that form the basis of the instant petition, because he has been acquitted, he is no longer entitled to the relief requested in

2. The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability[2]; and

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

---

his habeas petition. The R&R also correctly noted that the record contradicts Petitioner's claim that he was denied mental health proceedings. *See* Doc. No. 22, Exs. 2-5. The habeas petition will therefore be dismissed as moot.

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).